Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff: JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br><br>MARK L. GOLDENSON, individually and as trustee of THE GOLDENSON FAMILY TRUST DATED MAY 29, 1991 – SURVIVOR'S TRUST; MARK L. GOLDENSON, individually and as trustee of THE GOLDENSON FAMILY TRUST DATED MAY 29, 1991 – MARITAL TRUST-B2; CAESAR'S PASTRIES, INC., a California corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case  No.<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

Plaintiff, JAMES RUTHERFORD, an individual, ("Plaintiff"), complains of

1

1    Defendants MARK L. GOLDENSON, individually and as trustee of THE

2    GOLDENSON FAMILY TRUST DATED MAY 29, 1991 – SURVIVOR'S

3    TRUST; MARK L. GOLDENSON, individually and as trustee of THE

4    GOLDENSON FAMILY TRUST DATED MAY 29, 1991 – MARITAL TRUST-

5    B2; CAESAR'S PASTRIES, INC., a California corporation; and Does 1-10

6    ("Defendants") and alleges as follows:

7                                          **PARTIES**

8           1.      Plaintiff is substantially limited in performing one or more major life

9    activities, including but not limited to: walking, standing, ambulating, sitting; in

10   addition to twisting, turning and grasping objects.   As a result of these disabilities,

11   Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.

12   With such disabilities, Plaintiff qualifies as a member of a protected class under the

13   Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA

14   Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations

15   implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of

16   Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff

17   suffered from a "qualified disability" under the ADA, including those set forth in

18   this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

19          2.      Plaintiff is informed and believes and thereon alleges that Defendants

20   MARK L. GOLDENSON, individually and as trustee of THE GOLDENSON

21   FAMILY TRUST DATED MAY 29, 1991 – SURVIVOR'S TRUST; MARK L.

22   GOLDENSON, individually and as trustee of THE GOLDENSON FAMILY

23   TRUST DATED MAY 29, 1991 – MARITAL TRUST-B2, owned the property

24   located at 6660 Carnelian St, Rancho Cucamonga, CA 91701 ("Property") on or

25   around July 27, 2020.

26          3.      Plaintiff is informed and believes and thereon alleges that Defendants

27   MARK L. GOLDENSON, individually and as trustee of THE GOLDENSON

28   FAMILY TRUST DATED MAY 29, 1991 – SURVIVOR'S TRUST; MARK L.

GOLDENSON, individually and as trustee of THE GOLDENSON FAMILY TRUST DATED MAY 29, 1991 – MARITAL TRUST-B2, owns the Property currently.

4.    Plaintiff is informed and believes and thereon alleges that Defendant CAESAR'S PASTRIES, INC., a California corporation, owned, operated, and controlled Caesar's Pastry ("Business") located at the Property on July 27, 2020.

5.    Plaintiff is informed and believes and thereon alleges that Defendant CAESAR'S PASTRIES, INC., a California corporation, owns, operates, and controls the Business located at the Property currently.

6.    Plaintiff does not know the true name of Defendants, its business capacity, its ownership connection to the Property serving Caesar's Pastry ("Business"), or its relative responsibilities in causing the access violations herein complained of.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7.    This Court  has  subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8.    This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because

Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10.    Plaintiff went to the Business on or about July 27, 2020 for the dual purpose of viewing desserts and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

11.    The Business is a facility open to the public, a place of public accommodation, and a business establishment.

12.    Parking spaces are one of the facilities, privileges, and advantages reserved by Defendants to persons at the Property serving the Business.

13.    Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on July 27, 2020.

14.    At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a slope in the walkway exceeding 7% (The walkway leading to the entrance is inaccessible and noncompliant. The running slope of walking surfaces shall not be steeper than 1:20); no accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street); and, a slope in the walkway leading to the entrance exceeding 7% which requires handrails per Section 505.

15.    Subject to the reservation of rights to asset further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

16.    Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking

4
COMPLAINT

reserved for persons with disabilities prior to July 27, 2020.

17. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

18. Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

19. The conditions identified *supra* in paragraph 14 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible route to the accessible entrance, and, relate to the proximity of the accessible parking to the accessible entrance.

20. As an individual with a mobility disability who at times relies upon a wheelchair or other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

21. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

22. Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement*

1    *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

2        23.    As a result of his difficulty experienced because of the inaccessible

3    condition of the facilities of the Business, Plaintiff was denied full and equal access

4    to the Business and Property.

5        24.    The Defendants have failed to maintain in working and useable

6    conditions those features required to provide ready access to persons with

7    disabilities.

8        25.    The U.S. Department of Justice has emphasized the importance of

9    enforcing laws that prohibit unlawful discriminatory behavior, especially in the era

10   of the COVID-19 emergency. *See Statement by Assistant Attorney General for Civil*

11   *Rights Eric S. Dreiband* Protecting Civil Rights While Responding to the

12   Coronavirus Disease 2019 (COVID-19) found at

13   https://www.ada.gov/aag_covid_statement.pdf.

14       26.    The violations identified above are easily removed without much

15   difficulty or expense.  They are the types of barriers identified by the Department of

16   Justice as presumably readily achievable to remove and, in fact, these barriers are

17   readily achievable to remove.  Moreover, there are numerous alternative

18   accommodations that could be made to provide a greater level of access if complete

19   removal were not achievable.

20       27.    Given the obvious and blatant violation alleged hereinabove, Plaintiff

21   alleges, on information and belief, that there are other violations and barriers in the

22   site that relate to his disability.  Plaintiff will amend the complaint, to provide proper

23   notice regarding the scope of this lawsuit, once he conducts a site inspection.

24   However, the Defendants are on notice that the Plaintiff seeks to have all barriers

25   related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)

26   (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to

27   have all barriers that relate to his disability removed regardless of whether he

28   personally encountered them).

28.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

29.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to

the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

31.     Any business that provides parking spaces must provide accessible parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

32.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

33.     Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

34.     Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq*.

35.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

36.     California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and

services of all business establishments of any kind whatsoever.  Defendants are
systematically violating the UCRA, Civil Code § 51 *et seq.*

37.    Because Defendants violate Plaintiff's rights under the ADA,
Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f),
52(a).)   These violations are ongoing.

38.    Plaintiff is informed and believes and thereon alleges that Defendants'
actions constitute discrimination against Plaintiff on the basis of a disability, in
violation of the UCRA, Civil Code § 51 *et seq*., because Defendants have been
previously put on actual or constructive notice that the Business is inaccessible to
Plaintiff.  Despite this knowledge, Defendants maintain its premises in an
inaccessible form, and Defendants have failed to take actions to correct these
barriers.

## **PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as
follows:**

1.    A preliminary and permanent injunction enjoining Defendants from
further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA
Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with
respect to its operation of the Business and Property; Note: Plaintiff is not invoking
section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief
under the Disabled Persons Act (Cal. C.C. §54) at all.

2.    An award of actual damages and statutory damages of not less than
$4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.    An additional award of $4,000.00 as deterrence damages for each
violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist.
LEXIS 150740 (USDC Cal, E.D. 2016); and,

4.    For reasonable attorneys' fees, litigation expenses, and costs of suit,
pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: August 31, 2020                     **MANNING LAW, APC**

                              By: /s/ Joseph R. Manning Jr., Esq.
                                  Joseph R. Manning Jr., Esq.
                                  Attorney for Plaintiff